UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

AVIS HAMLIN,

          Plaintiff,

    v.

CLYDE ROBINSON and SHEILA ROBINSON and their marital community, and JOHN EDWARD MAXWELL,

          Defendants.

No. CV-04-3117-FVS

ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Default, Ct. Rec. 16; Plaintiff's Motion for 30-day Continuance to Allow Pro Se Amended Complaint to be Filed, Ct. Rec. 22; and Defendants' Motion to Dismiss for Lack of Jurisdiction, Ct. Rec. 10. The Plaintiff is proceeding *pro se*. The Defendants are represented by Mark Beard.

*Motion for Default*

Plaintiff moves for default on the basis that the Defendants failed to file an Answer to Plaintiff's Complaint within the 20 days required by Federal Rule of Civil Procedure 12(a). Although the Defendants have not filed an Answer, they filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). This Rule 12(b) motion extends the Defendants' time to file a responsive pleading until 10 days after notice of the Court's ruling on the Defendants' motion to dismiss. Fed.R.Civ.P.

ORDER - 1

12(a). Accordingly, the Plaintiff's motion for default is denied.

*Motion to Continue*

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff moves the Court for a 30-day continuance of the Defendants' motion to dismiss to allow Plaintiff to file an amended complaint. The Defendants oppose this motion on the grounds that Plaintiff has "failed to articulate any set of facts which would give this Court subject matter jurisdiction over this case."

When a responsive pleading has been filed, a plaintiff may amend her complaint "only by leave of court or by written consent of the adverse party ...." Fed.R.Civ.P. 15(a). Leave to amend "shall be freely given when justice so requires, *id.*, "and this policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). However, the decision of whether to grant a motion for leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "Several factors govern the propriety of a motion to amend: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment." *Sweaney v. Ada Cty.*, 119 F.3d 1385, 1392 (9th Cir. 1997).

Here, after considering these factors and the Plaintiff's *pro se* status, the Court determines it is appropriate to grant the Plaintiff a continuance to allow her to file an amended complaint in an attempt to cure the alleged jurisdiction problems.

ORDER - 2

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Default, **Ct. Rec. 16**, is **DENIED**.

2. Plaintiff's Motion for 30-day Continuance to Allow Pro Se Amended Complaint to be Filed, **Ct. Rec. 22.**, is **GRANTED**. Plaintiff shall file her Amended Complaint within **30 days of the entry of this Order**.

3. Defendants' Motion to Dismiss for Lack of Jurisdiction, **Ct. Rec. 7,** is **DENIED WITH LEAVE TO RENEW AFTER PLAINTIFF FILES AN AMENDED COMPLAINT.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel **and the Plaintiff**.

**DATED** this 23rd day of August, 2005.

         s/ Fred Van Sickle
           Fred Van Sickle
     United States District Judge

ORDER - 3