UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AVIS HAMLIN,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>CLYDE ROBINSON and SHEILA ROBINSON and their marital community, and JOHN EDWARD MAXWELL,<br><br>　　　　　　Defendants. | No. CV-04-3117-FVS<br><br>ORDER |

**BEFORE THE COURT** is Plaintiff's Motion to Strike (Ct. Rec. 47), Plaintiff's Motions for Default Judgment (Ct. Rec. 50 & Ct. Rec. 57), and Plaintiff's Motion to Strike Memorandum (Ct. Rec. 63). Plaintiff is proceeding *pro se*. Defendants Clyde and Sheila Robinson are proceeding *pro se*. Defendant John Maxwell is represented by Mark Beard.

I.  **BACKGROUND**

On July 13, 2006, Defendants filed a motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (Ct. Rec. 10). Shortly thereafter, Plaintiff filed her first motion for default against both Defendants. Plaintiff also sought a thirty-day continuance to amend her complaint to cure the alleged jurisdictional problems. The Court denied Plaintiff's motion for default, explaining that the Defendants' motion to dismiss extended

ORDER - 1

Defendants' time to file a responsive pleading until ten days after notice of the Court's ruling on Defendants' motion to dismiss. (Ct. Rec. 27). The Court granted Plaintiff a thirty-day continuance to file an amended complaint. (Ct. Rec. 27).

Shortly thereafter, Plaintiff filed for bankruptcy in the Western District of Washington. On September 14, 2005, the Court granted Plaintiff's unopposed motion to stay this case, pending the resolution of Plaintiff's bankruptcy case. (Ct. Rec. 29). The bankruptcy proceedings were dismissed on March 21, 2006, and on April 3, 2006, the Court lifted the stay and again allowed Plaintiff thirty days to amend her Complaint. (Ct. Rec. 42). Instead of filing an amended complaint, Plaintiff filed the present motions.

**II. DISCUSSION**

   ***A.   Motion for Default***

Plaintiff again moves for default on the basis that Defendants failed to file an Answer to Plaintiff's Complaint within the 20 days required by Federal Rule of Civil Procedure 12(a). Although Defendants have not filed an Answer, they filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). This Rule 12(b) motion extends the Defendants' time to file a responsive pleading until ten (10) days after notice of the Court's ruling on Defendants' motion to dismiss. Fed.R.Civ.P. 12(a). Accordingly, Plaintiff's motions for default are denied.

   ***B.   Motion to Strike***

Plaintiff moves to strike "the pleadings in the Yakima Superior Court to the sale of her properties in Yakima County, Washington."

However, Plaintiff fails to cite any law that would allow the Court to grant this requested relief. Plaintiff cites to the supremacy clause of the Sixth Amendment and the takings clause of the Fourteenth Amendment, but does not explain how either would allow this Court to strike an order of the Yakima Superior Court.

Plaintiff's motion to strike seems to be based on the erroneous belief that the stay this Court entered also stayed the litigation pending in Yakima Superior Court. Plaintiff alleges Defendant John Maxwell usurped this Court's power by attempting to execute a writ of execution and order of sale of properties. However, the Precipe for Execution in Yakima County Superior Court was filed on March 24, 2006, after the Bankruptcy Court dismissed Plaintiff's case and lifted the automatic bankruptcy stay on March 21, 2006. Further, the Yakima County Superior Court and Defendant John Maxwell did not usurp this Court's stay issued on September 9, 2005, because that stay pertained solely to the present matter and could not affect litigation pending in Yakima County Superior Court. Therefore, the Court denies Plaintiff's motion to strike.

### C. Motion to Strike Memorandum

Plaintiff moves to strike Defendants' memorandum in opposition to Plaintiff's motion for default, arguing that Federal Rule of Civil Procedure 7(a) prevents Defendants from filing any pleadings in this litigation until they file an Answer to Plaintiff's Complaint. Rule 7(a) refers to "pleadings" which are distinguished from "motions" under Rule 7(b). Fed.R.Civ.P. 7. Rule 7(a) does not prohibit the filing of Defendants' memorandum. Therefore, the Court denies

ORDER - 3

<mark>Case 2:04-cv-03117-FVS    Document 68    Filed 04/26/06</mark>

Plaintiff's Motion to Strike Defendants' Memorandum.  Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Strike (**Ct. Rec. 47**) is **DENIED**.

2. Plaintiff's Motions for Default Judgment (**Ct. Rec. 50 & 57**) are **DENIED**. Plaintiff's deadline for filing an amended complaint is extended to **May 12, 2006.** Absent a showing of truly exigent circumstances, the Court will not grant any further continuances of this deadline.

3. Plaintiff's Motion to Strike Memorandum (**Ct. Rec. 63**) is **DENIED.**

4. The Court **RESERVES RULING** on Defendants' request for attorney fees and costs associated with responding to Plaintiffs' repetitive motions for default.

5. Plaintiff is advised that future motions shall be accompanied by a notice of hearing in accordance with the Local Rules. *See* LR 7.1(h) ("Any party filing a motion shall also file a notice setting the time, date and place for a hearing on a motion.").

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel, **Plaintiff, and to Defendants Clyde and Sheila Robinson.**

**DATED** this 26th day of April, 2006.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge

ORDER - 4