UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AVIS HAMLIN,<br><br>        Plaintiff,<br><br>        v.<br><br>CLYDE ROBINSON ET AL.,<br><br>        Defendant. | No. CV-04-3117-FVS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

**THIS MATTER** comes before the Court on the Plaintiff's Motion For Reconsideration of the Order of September 11, 2006, Ct. Rec. 112. The Plaintiff is proceeding pro se. The Defendants are represented by Mark G. Beard, Stanton Phillip Beck, and Lawrence A. Peterson.

**BACKGROUND**

This case arises out of a property dispute between Avis Hamlin, the Plaintiff, and her brother, Clyde Robinson, over their deceased mother's property in Wapato, Washington. In August of 1995, Mr. Robinson brought suit to enjoin Ms. Hamlin from leasing the Wapato property. The Superior Court of Yakima County found that title to the property was vested in Mr. Robinson. The Court entered judgment in Mr. Robinson's favor and awarded damages on November 22, 1996. Ms. Hamlin moved to vacate the judgment on the grounds that she had not received notice of the trial. The Superior Court denied the motion to vacate and the Court of Appeals of Washington affirmed the judgment on

ORDER DENYING MOTION FOR RECONSIDERATION- 1

appeal.

On March 26, 2006, the Superior Court issued an order of sale of the Plaintiff's property in order to satisfy the 1996 judgment. On May 11, 2006, the Plaintiff petitioned the Washington Supreme Court for an emergency writ of mandamus to stop the sale. On June 15, 2006, the Washington Supreme Court Commissioner denied Plaintiff's petition. The Plaintiff moved the Washington Supreme Court to modify the commissioner's ruling. It appears from the Plaintiff's most recent briefing that the Washington Supreme Court approved the commissioner's ruling and the Plaintiff's property has now been sold. Throughout these proceedings, John E. Maxwell represented Mr. Robinson.

The Plaintiff filed the instant action in this Court in March, 2005, seeking to set aside the November 22, 1996 judgment of the Superior Court. The Plaintiff's Amended Complaint further requests that the Court void the Yakima County Superior Court's writ of execution used to collect the judgment. The Plaintiff also brings actions against John Maxwell, Ken Irwin, and unidentified Yakima County Sheriffs under 42 U.S.C. §§ 1983, 1985, 1986 and 1988, as well as the Fifth and Fourteenth Amendments of the United States Constitution.

On September 6, 2006, the Plaintiff moved to supplement the pleadings pursuant to Federal Rule of Civil Procedure 15(d). She alleges that the Defendants illegally seized her property by selling it without first notifying her of the sale. (Ct. Rec. 109 at 2.)

The Court granted the Defendants' renewed motion to dismiss on September 11, 2006. By the same order, the Court granted the

ORDER DENYING MOTION FOR RECONSIDERATION- 2

Plaintiff's motion to supplement and found that the new information alleged was insufficient to confer subject matter jurisdiction. Order at 18. The Plaintiff now moves the Court to reconsider its order of dismissal.

**DISCUSSION**

**I.  LEGAL STANDARD**

**A.  Applicable Rule**

The Plaintiff's motion for reconsideration is properly evaluated under Federal Rule of Civil Procedure 59(e). A motion for reconsideration may be brought under either Rule 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Where a motion for reconsideration does not identify the Rule under which it was filed, courts in the Ninth Circuit construe it as filed under Rule 59(e) if it was filed within ten days of the filing of the judgment. *Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004); *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001).

The Plaintiff has not identified which rule governs the instant motion. This Court's Order Granting Motion to Dismiss ("the Order") was entered on September 11, 2006. The Plaintiff filed her motion for reconsideration on September 25, 2006. (Ct. Rec. 66). Under Rule 6, week-ends and holidays are not counted in calculating a deadline of less than 11 days. The Plaintiff's motion was thus filed on the 10th day of the applicable period.

**B.  Rule 59(e)**

Under Federal Rule of Civil Procedure 59(e), a party may move to

ORDER DENYING MOTION FOR RECONSIDERATION- 3

amend a judgment within ten days of the filing of the judgment. Fed. R. Civ. P. 59(e). However, such a motion for reconsideration "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)(quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contrs., Inc.*, 215 F.R.D. 581, 582 (D. Ariz. 2003). *See also Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1988)(holding denial of a motion for reconsideration proper where "it presented no arguments that had not already been raised in opposition to summary judgment"); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985)(same). Absent exceptional circumstances, only three types of arguments do provide an appropriate basis for a motion for reconsideration: arguments based on newly discovered evidence, arguments that the court has committed clear error, and arguments based on "an intervening change in the controlling law." *89 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**II.   ROCKER-FELDMAN DOCTRINE**

Pursuant to the *Rocker-Feldman* doctrine, a federal district court lacks jurisdiction to review the final determinations of a state court. *Branson v. Nutted*, 62 F.3d 287, 291 (9th Cir. 1995). In its

ORDER DENYING MOTION FOR RECONSIDERATION- 4

order of dismissal, the Court refused to set aside the 1996 judgment of the Superior Court on the grounds that the Plaintiff's claim called for the Court to impermissibly review a final determination of a state court.

Neither of the Plaintiff's arguments concerning the Rocker-Feldman doctrine is properly before the Court at this time. The Plaintiff suggests that application of the *Rocker-Feldman* doctrine violates Federal Rule of Civil Procedure 7(a). The Plaintiff further argues that 28 U.S.C. § 1443 authorizes removal of state law actions to federal courts. However, the applicability of the *Rocker-Feldman* doctrine was raised in the Defendants' motion to dismiss. The Plaintiff thus had ample opportunity to raise these issues in her response to the motion to dismiss. Rule 59(e) does not provide an opportunity to litigate these issues now.

**III. DEFAULT**

The Federal Rules of Civil Procedure require the defendant in a civil action to file an answer within 20 days of the filing of the complaint. Fed. R. Civ. P. 7(a); 12(a)(1)(A). However, when a defendant moves to dismiss under Rule 12(b), he or she is not required to file an answer until 10 days after the court rules on the motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A).

The Plaintiff argues that the Court should have either entered default against the Defendants or required them to file an answer. This argument is unavailing for two reasons.

First, the Court has previously considered and rejected these arguments. In June of 2006, the Plaintiff moved for default judgment

ORDER DENYING MOTION FOR RECONSIDERATION- 5

on the grounds that the Defendants had failed to answer her complaint. (Ct. Rec. 83.)  The Plaintiff also moved the Court to order the Defendants to file an answer.  (Ct. Rec. 84.)  The Court denied both motions.  As previously noted, a Court is not required to revisit arguments it has previously rejected on a Rule 59(e) motion.

Second, as stated in the Court's prior orders, the Defendants were never obligated to file an answer because they timely filed a motion to dismiss.  If the Court had denied this motion, the Defendants would have been required to file an answer within 10 days. (Ct. Rec. 89 at 1)(citing Fed. R. Civ. P. 12(b)).  As the Court's ruling on the motion to dismiss resolved the case, the obligation to file an answer never arose.

**IV.  SECTION 1983**

Any person who deprives an American citizen of his or her civil rights under color of law may be held liable for the deprivation and resulting damages to the injured person.  42 U.S.C. § 1983.  In order to state a claim under Section 1983, the Plaintiff must demonstrate that the defendant acted "under color of law." *Johnson v. Knowles*, 113 F.3d 1114 (9th Cir. 1997).  In its order of dismissal, the Court held that the Plaintiff's Section 1983 claim must fail because Maxwell did not act under color of state law.

The Plaintiff now reasserts that the Defendants acted under color law because they committed the acts that infringed upon her rights in their official capacities.  (Ct. Rec. 112 at 8.)  The Plaintiff further argues that Maxwell qualifies as a state actor because he serves as a part-time judge. *Id.* at 9.  Finally, the Plaintiff argues

1  that Sheriff Irwin was acting under color of law.

2  The Plaintiff's arguments concerning state action are not
3  properly before the Court.  The Court previously considered and
4  rejected the Plaintiff's contention that Maxwell acted under color of
5  law.  Order at 11-13.  The Court also found, "the Plaintiff's Amended
6  Complaint does not allege corrupt action of any state actor."  *Id.* at
7  14.  Rule 59(e) does not permit the Plaintiff to reassert these
8  issues.

9  **V.    SECTION 1985**

10  In order to state a cause of action under Section 1985(3), a
11  plaintiff must prove four elements: (1) a conspiracy; (2) for the
12  purpose of depriving a person or class of the equal protection of the
13  laws; (3) an act in furtherance of the conspiracy; and (4) an injury
14  to a person, a person's property, or a deprivation of a right or
15  privilege.  *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005);
16  *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992)(citing
17  *United Brotherhood of Carpenters and Joiners of America v. Scott*, 463
18  U.S. 825, 828-29, 103 S.Ct. 3352, 3356-57 (1983)).  In its order of
19  dismissal, the Court held that the Plaintiff had failed to allege
20  sufficient facts to support the existence of a conspiracy.  Order at
21  16-17.

22  The Plaintiff argues that, as a Native American, she is a member
23  of a protected class.  The Plaintiff further argues that she has
24  alleged that the Defendants acted with malice.  However, as with the
25  Plaintiff's other arguments, the Court considered these contentions in
26  its order of dismissal and found them insufficient to state a claim.

Order at 15-16.

**VI.  AMENDMENT**

Although leave to amend a complaint should be freely given, a district court need not grant leave when the proposed amendment would be futile. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)(citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). In its order of dismissal, the Court denied the Plaintiff's request to file a second amended complaint, explaining that the facts she relies upon simply do not provide a basis for relief. Order at 18.

The Plaintiff argues that the Court should have granted her permission to amend the complaint. This argument is not properly before the Court because it was raised and addressed in the Court's prior order. *Kona Enters.,* 229 F.3d at 890.

**VII. NEW EVIDENCE**

The Plaintiff cites to one piece of information that was unavailable at the time of the Court's prior ruling. The Plaintiff alleges that a Washington court[1] entered an order confirming the sale of the contested property on September 8, 2006. As the Court had received all of the parties' briefing by September 6, the Court was unaware of this fact when it made its prior ruling.

The Plaintiff argues that the Washington court violated her

---

[1] It is not entirely clear which Washington court entered this order, as the Plaintiff has not submitted the order for this Court's review. The identify of the Court in question is irrelevant, however. The Court's disposition of the matter should be the same.

8

property rights in issuing the confirmation order.  According to the Plaintiff, she did not receive notice of the hearing or any of the relevant documents.  She further indicates that she informed the state court clerks that she had not received the relevant documentation. (Ct Rec. 112 at 11-12.)

This new information does not necessitate reconsideration of the order of dismissal.  Like the Plaintiff's concerns about previous state court rulings, any arguments based on the September 8, 2006 confirmation order call for the Court to review the determination of a state court in contravention of the Rocker-Feldman doctrine.  The Court being fully advised,

**IT IS HEREBY ORDERED:**

1. The Plaintiff's Motion for Court Action on Plaintiff For Reconsideration, **Ct. Rec. 115**, is **GRANTED.**

2. The Plaintiff's Motion For Reconsideration of the Order of September 11, 2006, **Ct. Rec. 112**, is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, furnish copies to counsel **and the Plaintiff, and the Defendants proceeding pro se.**

**DATED** this  13th  day of September, 2007.

                         s/ Fred Van Sickle
                         Fred Van Sickle
                   United States District Judge